# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RONALD M. VAN PELT, #R00514,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−1273−SMY** |
| | ) | |
| **C/O URASKI,** | ) | |
| **MAJOR MALCOM,** | ) | |
| **C/O SHURTZ,** | ) | |
| **CHARLES HECK, and** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ronald Van Pelt, an inmate at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims that the defendants violated his due process and equal protection rights under the Fourteenth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to summarily dismiss this case.

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): on August 26, 2016, Defendant Uraski and an unknown corrections officer questioned Plaintiff about a confrontation between him and his cellmate. (Doc. 1, p. 5). Plaintiff told them that he had a fight with his cellmate. *Id.* The corrections officers did not accept Plaintiff's account, and Uraski wrote Plaintiff a ticket charging him with 102 – Assaulting any person. *Id.* Plaintiff "was only guilty of 301 – Fighting, a much less serious infraction." *Id.* "The story typed in the offense report is a fabrication by C/O Uraski, and a biased view of what actually occurred." (Doc. 1, p. 6).

On August 27, 2016, C/O Tyson Swarts, #9443, slid a copy of Plaintiff's offense sheet through the segregation door without asking Plaintiff whether he wanted to sign the ticket or call any witnesses. (Doc. 1, p. 8). The box indicating that Plaintiff did not want to sign or call any witnesses was already checked. *Id.* Plaintiff did not have the chance to mark otherwise although he had two witnesses he wanted to call that would have verified his account. *Id.*

At Plaintiff's adjustment committee hearing on August 30, 2016, Defendant Heck did not allow Plaintiff to call witnesses. *Id.* Plaintiff explained to Heck that no assault took place and that the confrontation was "only a simply fight." *Id.* Heck asked Plaintiff if he was fighting with his cellmate, to which Plaintiff replied: "Yeah, but I am not guilty of assaulting any person, I'm only guilty of fighting." *Id.* Heck then told Plaintiff: "Fighting and Assaulting Any Person are the same thing, you are guilty, and you've pled guilty." *Id.* Heck falsified Plaintiff's adjustment committee statement by denying him the right to present witnesses and not allowing him to enter a plea of not guilty. (Doc. 1, p. 9). Heck should have amended Plaintiff's charge before sentencing him to two months segregation and one month loss of good time. *Id.* On September 4, 2016, Defendant Lashbrook signed off on the Final Summary Report, despite knowing that Plaintiff's 102 – Assaulting Any Person offense was rightfully a 301 – Fighting offense. *Id.*

Plaintiff requests monetary damages. (Doc. 1, p. 11)

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants violated Plaintiff's Fourteenth Amendment due process and equal protection rights by finding him guilty and approving charges against him for 102 – Assaulting Any Person.

Any other intended claim that has not been recognized by the Court is considered dismissed as inadequately pled under the *Twombly* pleading standard.

The Court need not consider whether Plaintiff was denied due process or equal protection by the defendants, as his claim is barred under the principles outlined in *Preiser v. Rodriguez*,

411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Preiser*, the Supreme Court explained that restoration of good-conduct credits is available only in habeas corpus, not under § 1983, because such a claim would result in "shortening the length of ... actual confinement in prison." *Id.* at 487. This court cannot "award" Plaintiff any sentence credit.

Plaintiff's request for money damages as opposed to injunctive relief does not change the result, as a request for damages instead of an injunction does not remove a case from the exclusive domain of habeas corpus. *See Heck*, 512 U.S. at 486–87, 489 (1994); *Whitfield v. Howard*, 852 F.3d 656, 661–62 (7th Cir. 2017). "A prisoner seeking money damages for the very fact or duration of his confinement has no claim under § 1983 'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Ward v. Akpore*, 702 F. App'x 467, 468 (7th Cir. 2017) (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)).

Plaintiff's disciplinary hearing resulted in the revocation of good time credit. Thus, based on *Heck*, before he can bring a claim for money damages for any alleged denial of his constitutional rights at the hearing, Plaintiff must first obtain a favorable termination of this revocation. Accordingly, Count 1, along with this action, will be dismissed without prejudice.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) shall be addressed in a separate order of this Court.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) are **DENIED** as moot.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for

failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 18, 2018**

s/ STACI M. YANDLE
United States District Court Judge